# Exhibit A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| OCEOLA DEVELOPMENT & CONSTRUCTION | ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** | ) | |
| | ) | 2019-CP - 10 - 0531 |
| vs. | ) | |
| | ) | |
| INTERNATIONAL INSURANCE COMPANY | ) | |
| **Defendant(s)** | ) | |

| Submitted By: MICHAEL H. ELLIS | SC Bar #: 101524 |
|---|---|
| Address: 147 WAPPOO CREEK DRIVE, SUITE 202 | Telephone #: 843-795-9500 |
| CHARLESTON SC 29412 | Fax #: 843-762-1500 |
| | Other: |
| | E-mail: mellis@qlawsc.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. This form is NOT required to be filed in E-Filed Cases.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

- [ ] **JURY TRIAL** demanded in complaint.
- [x] **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☑ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Other (199) ___ | | ☐ Other (399) ___ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Incapacitated Adult Settlement (790) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) ___ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____   **Date:** 02/07/2019

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                                   Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:     You must comply with the Supreme Court Rules regarding ADR.
                   Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF CHARLESTON )<br> )<br>Oceola Development & Construction, )<br>LLP, )<br> )<br>   PLAINTIFF )<br> )<br>   v. )<br> )<br>International Insurance Company of )<br>Hanover, Plc., )<br> )<br>   DEFENDANT. ) | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>Case No.: 2019-CP-10-0531<br><br>SUMMONS<br>Declaratory Judgment |

*[Filed stamp: 2019 FEB -4 AM 10:14, JULIE J. ARMSTRONG, CLERK OF COURT]*

**TO:    THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at the law office at 147 Wappoo Creek Drive, Suite 202, Charleston, South Carolina 29412, within thirty (30) days after the service hereof, exclusive of the day of such service; and, if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint, including the rendering of judgment by default against you.

**YOU ARE HEREBY GIVEN FURTHER NOTICE** that if you fail to answer, appear or defend said Complaint required by this Summons within said time allowed under Rule 6, of the South Carolina Rules of Civil Procedure, judgment by default will be rendered against you for the relief demanded in said Complaint.

QUERY SAUTTER & ASSOCIATES, LLC

_____
Michael H. Ellis, Esquire
mellis@qlawsc.com
O. Grady Query, Esquire
gquery@qlawsc.com
The Wappoo Centre
147 Wappoo Creek Drive, Suite 202
Charleston, South Carolina 29412
Telephone      843.795.9500
Facsimile       843.762.1500

Attorneys for the Plaintiff

This ____ day of February, 2019

Charleston, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| | ) | |
| Oceola Development & Construction, LLP, | ) | Case No.: 2019-CP-10- 0531 |
| | ) | |
| PLAINTIFF | ) | COMPLAINT |
| | ) | Declaratory Judgment |
| v. | ) | |
| | ) | |
| International Insurance Company of Hanover, Plc., | ) | |
| | ) | |
| DEFENDANT. | ) | |

NOW COMES Plaintiff, by and through their undersigned counsel, Complaining of the Defendant as follows:

1. Oceola Development & Construction, LLP (hereinafter "Plaintiff") is a South Carolina limited liability partnership doing business in and having a primary place of business in Charleston County, South Carolina.

2. International Insurance Company of Hanover, Plc. (hereinafter "Defendant") is an insurance company engaged in writing insurance policies throughout the State of South Carolina, including Charleston County.

3. Charleston County, South Carolina is the site of all transactions and occurrences giving rise to this action.

4. Based upon information and belief, this Court has jurisdiction over the parties and subject matter and venue is proper.

**Facts**

5. Plaintiff and Defendant entered into the mutually binding insurance policy number IG06C003028-00 for the effective policy period of April 7, 2014 to April 7, 2015.

6.   On June 17, 2014, a policy triggering event occurred at Plaintiff's construction site.

7.   The policy triggering event resulted in Plaintiff being a named defendant in and served with a Summons and Complaint for Charleston County case number 2015-CP-10-676.

8.   Plaintiff has complied with their duties and obligations arising under the parties' mutually binding insurance policy, but Defendant has refused coverage under the policy.

### For A First Cause of Action
(Declaratory Judgment)

9.   Plaintiff reiterates paragraphs 1-8 above as if set forth here in verbatim.

10.  Despite multiple attempts to have Defendant execute their duties and obligations to indemnify Plaintiff and make a good faith effort to negotiate a settlement for the protection of the Defendant as required by the contract of insurance, Defendant has refused.

11.  Plaintiff prays for a judgment from this Court declaring Plaintiff's rights, status, and other legal relations under the parties' mutually binding insurance policy.

### For A Second Cause of Action
(Improper Claim Practices)

12.  Plaintiff reiterates paragraphs 1-12 above as if set forth here in verbatim.

13.  Defendant has engaged in improper claim practices during their handling of the claims in Charleston County case number 2015-CP-10-676 by including but not limited to:

   a.   Knowingly misrepresenting to their insureds and third-party claimants pertinent facts and policy provisions relating to coverages at issue and providing deceptive and misleading information with respect to coverages;

b.   Failing to act in good faith to effect prompt, fair, and equitable settlement of claims, including third party claims, submitted to them when liability has become reasonably clear;

c.   Compelling Plaintiff to institute this action to recover amounts reasonably due and payable with respect to the claims that arose under the mutually binding insurance policy by refusing to offer any amount to reasonably resolve this matter considering the amount truly recoverable;

d.   Invoking policy defenses, not in good faith and without a reasonable expectation of prevailing with respect to the policy defenses, but for the primary purpose of discouraging Plaintiff regarding protections to which Plaintiff is entitled and for which Plaintiff contracted, thereby impairing the defense and/or the settlement of Charleston County case number 2015-CP-10-676;

14.  Plaintiff is entitled to damages, including punitive damages, and the costs associated with bringing this action, including reasonable attorney's fees, for Defendant's improper claims practices.

**WHEREFORE** Plaintiff prays for relief from this Court as follows:

1.   For a judgment declaring Plaintiff's rights under the mutually binding insurance policy as it pertains to Charleston County case number 2015-CP-10-676;

2.   For damages including punitive damages associated with Defendants' improper claims practices; and

3.   For the cost of having to bring this action including reasonable attorney's fees.

QUERY SAUTTER & ASSOCIATES, LLC

_____
Michael H. Ellis, Esquire
mellis@qlawsc.com
O. Grady Query, Esquire
gquery@qlawsc.com
The Wappoo Centre
147 Wappoo Creek Drive, Suite 202
Charleston, South Carolina 29412
Telephone     843.795.9500
Facsimile     843.762.1500

Attorneys for the Plaintiff

This 1st day of February, 2019

Charleston, South Carolina



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

February 25, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
GRANGE MUTUAL CASUALTY CO
Post Office Box 1218
Columbus, OH 43206

Dear Sir:

On February 25, 2019, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 38-77-150. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 173845, <u>Dillon McKinney v. Porsha R. Welborn</u>, et al., 2018-CP-04-02092.

By:                                                    Sincerely Yours,

*David E. Belton*

David E. Belton                                        Raymond G. Farmer
Senior Associate General Counsel                       Director
(803)737-6132                                          State of South Carolina
                                                       Department of Insurance

Attachment

CC:     G.W. King Smith
        Post Office Box 2866
        Anderson, SC    29622

ELECTRONICALLY FILED - 2019 Feb 27 12:06 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0402092